THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JAMES HAUSKNECHT,<br><br>    Plaintiff,<br><br>v.<br><br>ROSIE RIVERA et al.,<br><br>    Defendants. | **MEMORANDUM DECISION<br>& ORDER TO CURE<br>DEFICIENT COMPLAINT**<br><br>Case No. 2:21-CV-581-DBB<br><br>District Judge David Barlow |

Plaintiff, former inmate James Hausknecht, brings this civil-rights action, *see* 42 U.S.C.S. § 1983 (2021). Having now screened the Complaint, (ECF No. 6), under its statutory review function, 28 U.S.C.S. § 1915A (2021), the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

### COMPLAINT'S DEFICIENCIES

The Complaint:

**(a)** appears to inappropriately allege civil-rights violations on a respondeat-superior theory. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

**(b)** does not adequately affirmatively link defendants to allegations of civil-rights violations. *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790 n.5 (10th Cir. 2019) ("A plaintiff's failure to satisfy this requirement [of pleading personal participation by each defendant] will trigger swift and certain dismissal.").

**(c)** needs clarification on how to adequately state claim of inadequate medical treatment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding "inadvertent failure to provide adequate medical care" or "medical malpractice does not become a constitutional violation merely because the victim is a prisoner," but instead claim may be alleged properly only by alleging "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs").

**(d)** seeks compensation from Salt Lake County Sheriff's Office when a local sheriff's office is not suable. *See Burnett v. Reno Cty. Comm'n*, No. 18-3160-SAC, 2019 U.S. Dist. LEXIS 32844, at *6 (D. Kan. Mar. 1, 2019) ("Police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.") (quotation marks and citations omitted).

**(e)** improperly names Salt Lake County Jail medical department as a § 1983 defendant, when it is not an independent legal entity that can sue or be sued. *See Smith v. Lawton Corr. Facility*, No. CIV-18-110-C, 2018 U.S. Dist. LEXIS 45488, at *5 (W.D. Okla. Mar. 7, 2018) (stating correctional facilities "not suable entities in a § 1983 action").

**(f)** needs clarification regarding unnecessary-rigor cause of action under Utah Constitution. *See Asay v. Daggett County*, No. 2:18-CV-422, 2019 U.S. Dist. LEXIS 5794, at *19-20 (D. Utah Jan. 11, 2019) (stating "§ 1983 claims likely serve as existing remedies that redress plaintiff's injuries[, mooting the need to also bring an unnecessary rigor claim]").

**(g)** tries to state § 1983 claims against Salt Lake County in violation of municipal-liability doctrine. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (stating, to establish liability of local-government entities under § 1983, "plaintiff must show (1) the existence of a

municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged").

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint."

**(2)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(3)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

DATED this 8th day of March, 2022.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court